UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LURDUA COUSINS,

       Petitioner,

v.                                                                    CASE NO. 04-CV-72000-DT
                                                        HONORABLE VICTORIA A. ROBERTS
HUGH WOLFENBARGER,

       Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTIONS FOR JUDGMENT
ON THE PLEADINGS AND FOR A CERTIFICATE OF APPEALABILITY</u>**

Petitioner Lurdua Cousins has appealed the Court's denial of his *pro se* habeas corpus petition. Currently pending before the Court are Petitioner's motion for judgment on the pleadings [Doc. #25, Nov. 15, 2005] and Petitioner's motion for a certificate of appealability [Doc. #27, Dec. 7, 2005].

### I. The Motion for Judgment on the Pleadings

Petitioner's motion for judgment on the pleadings seeks to compel the Court to make a final ruling and to enter a judgment on the habeas corpus petition. Petitioner apparently signed and submitted the motion before he became aware of the Court's dispositive opinion and judgment. Because the Court has rendered a final ruling and entered a judgment in this case, Petitioner's motion for judgment on the pleadings is DENIED as moot.

### II. The Motion for a Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has been convicted of two counts of delivery of less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), and one count of delivery of 50 to 224 grams of cocaine, Mich. Comp. Laws §333.7401(2)(a)(iii).  The convictions arose from the sale of cocaine to an undercover agent on three different occasions in 1998.

The habeas claims read:

I.   The trial court reversibly erred in denying the defense pre-trial motion to dismiss on pre-arrest delay grounds and in failing to dismiss on speedy trial grounds.

II.  The trial court reversibly erred in denying defense pre-trial motion to suppress the identification of him by Officer Schwartz.

III. The trial court reversibly erred in overruling the defense objection to testimony and evidence about the Secretary of State records for the automobile the police said the defendant drove to the sites where the drug sales allegedly occurred.

IV. The trial court violated the U.S. and Michigan Constitutions in sentencing the defendant in LC #00-174122-FH to a prison term of 1 - 20 years on a habitual offender 4th supplement arising out of the delivery of less than 50 grams of a controlled substance conviction; to a prison term of 1 - 20 years on a habitual offender 4th supplement arising out of the delivery of less than 50 grams of a controlled substance conviction; and in LC #00-174124-FH to a prison term of 10 years to 20 years on a habitual offender 4th supplement arising out of the delivery of 50 - 224 grams of a controlled substance conviction.

### A. The Pretrial Identification

Petitioner appears to be seeking a certificate of appealability on only his second claim regarding the undercover officer's identification of him. Petitioner alleges that the pretrial identification procedures were tainted because the undercover officer was shown a single picture of Petitioner and because Petitioner was the only African-American at the defense table during the preliminary examination.

The Court concluded in its dispositive opinion that this claim had no merit, because the officer was not asked to identify an unknown suspect when he viewed a single photograph of Petitioner. Instead, the officer was verifying the name or identity of someone he already knew. In addition, the officer maintained that he could have identified Petitioner at the preliminary examination without having seen the photograph. He had been introduced to Petitioner in person a week or more before conducting any business with him, and on subsequent occasions, he conducted hand-to-hand transactions with Petitioner.

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong. Therefore, Petitioner is not entitled to a certificate of appealability on the basis of his second claim.

## B. The Remaining Claims

To the extent that Petitioner is seeking a certificate of appealability on his remaining claims, those claims do not deserve further encouragement for the following reasons. The first habeas claim alleges pre-arrest delay and denial of a speedy trial. The Court found no merit in Petitioner's claim about pre-arrest delay, because he had not demonstrated that specific prejudice resulted from the delay or that the prosecutor intentionally delayed his arrest.

The Court determined that Petitioner's speedy trial claim was procedurally defaulted because Petitioner did not raise his claim in the trial court, and the Michigan Court of Appeals denied relief on the basis of Petitioner's failure to object in the trial court. The Court determined in the alternative that Petitioner's claim had no merit because at least three of the four factors used to determine violations of the Speedy Trial Clause weighed in favor of the State. Although the delay was presumptively prejudicial because it exceeded one year, a minimum of five months of the eighteen-month delay was attributable to Petitioner's motions and stipulation to adjourn the trial date. The remaining delays apparently were not due to bad faith or harassment on the part of the State. Furthermore, Petitioner did not request a speedy trial, and he did not allege any particular prejudice as a result of the delay.

The third habeas claim asserts an evidentiary issue, which is not cognizable on habeas review because the alleged error did not deprive Petitioner of a fair trial and did not rise to the level of a federal constitutional violation. The fourth and final habeas claim attacks Petitioner's sentence on the grounds that (1) the police engaged in sentencing entrapment, (2) the sentence was cruel and unusual punishment, and (3) the trial court violated state law by not considering the deterrent or rehabilitative effects of the sentence. The Court determined that the alleged

violations of state law regarding the factors to be considered at sentencing were not grounds for habeas corpus relief and that the Eighth Amendment claim lacked merit.  The Court found no constitutional basis for the entrapment claim and concluded that the state court's decision was reasonable because the undercover officer's conduct was not outrageous and the evidence suggested that Petitioner was predisposed to sell at least two ounces of cocaine.

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong.   Nor would reasonable jurists debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct.  Therefore, the Court declines to issue a certificate of appealability on habeas claims I, III, and IV.

### III.  Conclusion

Petitioner's motion for a certificate of appealability is DENIED.  His motion for judgment on the pleadings is DENIED as moot.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  December 23, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record and petitioner by electronic means or U.S. Mail on December 23, 2005.

s/Carol A. Pinegar
Deputy Clerk

---